UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW CIVIL LIBERTIES ALLIANCE<br>1225 19th Street NW<br>Suite 450<br>Washington, D.C. 20036<br><br>　　　　　Plaintiff,<br>　v.<br><br>SECURITIES AND EXCHANGE COMMISSION<br>100 F Street NE<br>Washington D.C. 20549-2736<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 22-cv-3567<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff NEW CIVIL LIBERTIES ALLIANCE ("NCLA") for its complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request, following the SEC's failure to comply with the express terms of FOIA, including by failing to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW*"), and SEC's constructive and actual withholding of responsive information in violation of Defendant's obligations.

## PARTIES

2. Plaintiff NCLA is a nonpartisan, nonprofit civil rights group operating in the District of Columbia, founded to protect constitutional freedoms from violations by the administrative state. NCLA's activities include using state and federal open records law to inform the public on the operations of government.

1

3. Defendant SEC is an independent federal commission. The expressly-stated "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation." About the SEC, Sec. & Exch. Comm'n (Nov. 22, 2016), *available at* https://www.sec.gov/about.shtml. It is located in Washington, D.C.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the defendant is a federal agency operating in the District of Columbia, because the Plaintiff also operates in the District of Columbia, and because the records are likely located, at least in part, in the District of Columbia.

6. NCLA is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *CREW*, 711 F.3d at 188.

7. NCLA has no obligation to further exhaust administrative remedies with respect to its FOIA requests. *See*, *e.g.*, *Citizens for Resp. & Ethics in Wash. v. DOJ*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement in similar circumstances).

## NEW CIVIL LIBERTIES ALLIANCE'S FOIA REQUEST

8. On July 12, 2022, Plaintiff submitted by FOIA Online a request to Defendant seeking certain described information pertaining to a "control deficiency" that SEC had learned of by no later than the Fall of 2021 (and in all likelihood much earlier as a formal Government Accountability Office report dated November 15, 2021 referenced the control deficiency, see Sec. & Exch. Comm'n, U.S. Securities and Exchange Commission Fiscal Year 2021 Agency Financial

Report 43-44 (Nov. 12, 2021), https://www.sec.gov/files/sec-2021-agency-financial-report.pdf). SEC first publicly acknowledged the "control deficiency" nearly five months later on April 5, 2022, by which enforcement personnel could have accessed, and according to the SEC did access, documents stored in the administrative adjudications system and documents of the Commission's Administrative Law Judges ("ALJs") and their staff. *See* Statement, Secs. & Exch. Comm'n, Commission Statement Relating to Certain Administrative Adjudications (Apr. 5, 2022), https://www.sec.gov/news/statement/commission-statement-relating-certain-administrative-adjudications: "As a result, in a number of adjudicatory matters, administrative support personnel from Enforcement, who were responsible for maintaining Enforcement's case files, accessed Adjudication memoranda via the Office of the Secretary's databases. Those individuals then emailed Adjudication memoranda to other administrative staff who in many cases uploaded the files into Enforcement databases." *Id.*

9. That April 5, 2022 statement references a "review team" and an outside investigator, Berkeley Research Group (BRG) which conducted interviews of "more than 20 Enforcement Staff members, as well as Adjudication staff members" handling just two of the Commission's proceedings in *SEC v. Cochran*, No. 21-1239 (S. Ct.), and *Jarkesy v. SEC*, No. 20-61007 (5th Cir.)," which also suggests that the Commission knew of the deficiency for some time before publicly disclosing it..

10. The SEC statement indicates that the control deficiency affected other enforcement actions but found "it appropriate at this time to publish the review team's findings regarding two matters, and we anticipate publishing additional findings in the near future." NCLA's FOIA request seeks disclosure as to all affected matters.

11. NCLA also requested waiver of its fees pursuant to FOIA on the basis of its nonprofit status and noncommercial interests, and the public interest in the information requested.

12. On July 13, 2022, Defendant acknowledged the FOIA request at issue, assigned it number 22- 0249FOIA, and denied NCLA's request for fee waiver. The denial of the fee waiver is now a moot issue as a matter of law for reasons described herein below, including SEC's failure to make a timely "determination" and failure to comply with other FOIA deadlines.

13. NCLA has repeatedly taken measures, through its counsel, to remind SEC of its legal obligations and to bring SEC into compliance with the law without recourse to litigation. At every instance, SEC has remained out of compliance with the law.

14. On August 15, 2022, the SEC notified NCLA that it was extending the response deadline by ten days, making the due date for compliance August 23, 2022.

15. On August 26, 2022, NCLA wrote to SEC by email, "We are writing to inform you that the extended due date for the SEC's response to NCLA's July 12, 2022 FOIA request regarding the SEC's 'Control Deficiency'" has passed. "We have not received SEC's response as of the time of this writing. Please send us SEC's response to our request as required by SEC's FOIA regulations."

16. In response, and despite NCLA's submission of a proper FOIA request describing the information sought, SEC requested that NCLA "provide [the SEC FOIA Officer] with the suggested search terms and offices you intend our office to search for any potentially responsive records."

17. After NCLA reiterated to SEC twice, by emails dated September 14 and September 16, 2022, that the FOIA request NCLA submitted remained outstanding, SEC wrote on September 20,

2022, to state that SEC was narrowing the scope to certain of NCLA's several categories of described information.

18. In response, on September 20, 2022, NCLA wrote to SEC stating in relevant part:

> Our September 16, 2022, letter did not propose, or even suggest, that the scope of our request be narrowed. To the extent that your previous email sought to facilitate the Commission's search and sought guidance from us, we merely suggested that those specifically identified requests may be "prioritized" if they were more readily available.
>
> As we stated in the Sept. 16, 2022 letter, our initial request "reasonably described" all the records sought in requests 1-10. We are in no way narrowing the FOIA Request set forth in our July 12, 2022 letter.
>
> The SEC has a continuing obligation under the FOIA to timely release all records as requested by our letter dated July 12, 2022. Please provide <u>all</u> responsive documents in a timely manner.

19. The same day, SEC replied to NCLA, "Thank you for your response. We will proceed."

20. Defendant has not provided any substantive response or request for further information whatsoever. Nor has SEC provided any "determination."

21. By its inaction and failure to promptly process the request or make a determination, Defendant has improperly withheld records in response to this request in violation of FOIA.

22. FOIA provides that a requesting party is entitled to a substantive agency response on the information requested within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requester. *CREW*, 711 F.3d at 188.

23. Title 5, section 552(a)(6)(A) of the U.S. Code prescribes that the twenty-day time limit shall not be tolled by the agency except in two narrow scenarios: the agency may make one request

to the requester for information and toll the twenty-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I); and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment, *id.* § 552(a)(6)(A)(ii)(II). In either case, the Commission's receipt of the requester's response to the Commission's request for information or clarification ends the tolling period. *Id.*

24. SEC owed Plaintiff a timely "*CREW*" response to its request, including a "determination" as that term is defined in *CREW*, 711 F.3d at 188 ("[T]he agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.").

25. As of this filing, SEC has still failed to provide NCLA with a "*CREW*" response to its July 12, 2022 request.

26. By failing to provide any substantive response or "determination" with respect to the request, as that term is defined in FOIA and as explained by the D.C. Circuit in *CREW*, SEC has waived any ability to obtain fees for processing this request.

27. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31, 38 (D.D.C. 2011) this Court noted: "[The] effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with any of FOIA's deadline requirements. *See* S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees … if the agency fails to comply with *any time limit*' of FOIA." (alterations in original) (quoting 5 U.S.C. § 552(a)(4)(A)(viii)).

28. SEC is now past its statutory period for issuing such determinations on the above described requests without providing any substantive response to Plaintiff's request. As a consequence of SEC's violations of the statutory time limits of FOIA, SEC cannot now seek fees.

29. SEC's failure to respond to the July 12, 2022 FOIA request in a timely, proper, or lawful manner includes a failure to provide a timely or lawful "determination" within the meaning of FOIA and the precedents interpreting it.

30. Defendant SEC is thereby in violation of FOIA as it pertains to NCLA's July 12, 2022 request.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

31. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. Plaintiff has sought and has been denied production of responsive records reflecting the conduct of official business.

33. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

34. Plaintiff is not required to further pursue administrative remedies.

35. Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

   b. SEC's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy SEC's obligations under FOIA;

   c. SEC must now produce records responsive to Plaintiff's requests and must do so without cost to the Plaintiff.

**SECOND CLAIM FOR RELIEF**
**Duty to Produce Records – Injunctive Relief**

36. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

37. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

38. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's requests for a fee waiver.

39. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff within twenty business days of the date of the order the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

40. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within thirty days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log, and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to SEC's withheld documents, if any, and any other remaining issues.

**THIRD CLAIM FOR RELIEF**
**Costs And Fees – Injunctive Relief**

41. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

42. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

43. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's requests for a fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within twenty (20) business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 23rd day of November, 2022.

                                              NEW CIVIL LIBERTIES ALLIANCE
                                              By Counsel:

                                              /s/Matthew D. Hardin
                                              Matthew D. Hardin, D.C. Bar No. 1032711
                                              Hardin Law Office
                                              1725 I Street NW, Suite 300
                                              Washington, DC 20006
                                              Phone: (202) 802-1948
                                              Email: MatthewDHardin@protonmail.com

                                              Christopher Cochran Horner, D.C. Bar No. 440107
                                              1725 I Street NW, Suite 300
                                              Washington, DC 20006
                                              Phone: (202) 262-4458
                                              Email: chris@chornerlaw.com