**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

NEW CIVIL LIBERTIES ALLIANCE,

        Plaintiff,

    v.

SECURITIES AND EXCHANGE
COMMISSION,

        Defendant.

No.: 22-cv-03567

---

## ANSWER

Defendant Securities and Exchange Commission ("SEC") hereby responds to each numbered paragraph of New Civil Liberties Alliance's Complaint as follows:

1.    The allegations in this paragraph consist of Plaintiff's characterization of the nature of this action, to which no response is required. To the extent a response is required, the SEC denies that it has failed to comply with the FOIA and denies that it has withheld responsive information in violation of its obligations.

## PARTIES

2.    The SEC lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

3.    The SEC denies that it is an independent federal commission and clarifies that it is an independent federal agency. The SEC admits the remainder of the allegations in this paragraph.

**JURISDICTION AND VENUE**

4.      The allegations in this paragraph consist of legal conclusions, to which no response is required.

5.      The allegations in this paragraph consist of legal conclusions, to which no response is required.

6.      The allegations in the first clause of this paragraph consist of legal conclusions, to which no response is required.  The SEC denies the allegations in the final clause of the paragraph.

7.      The allegations in this paragraph consist of legal conclusions, to which no response is required.

**NEW CIVIL LIBERTIES ALLIANCE'S FOIA REQUEST**

8.      The SEC admits that Plaintiff submitted a FOIA request online on July 12, 2022. The remaining allegations in the first sentence in this paragraph consist of Plaintiff's characterizations of its FOIA request and of an SEC agency financial report, to which no response is required, except that the SEC denies that it identified the control deficiency before the Fall of 2021.  The SEC refers to the referenced FOIA request and SEC agency financial report for complete and accurate recitations of their contents.  The remaining allegations in this paragraph consist of Plaintiff's characterization of an SEC statement dated April 5, 2022 ("SEC April 5 Statement"), to which no response is required.  The SEC refers to the SEC April 5 Statement for a complete and accurate recitation of its contents.

9.      The allegations in this paragraph consist of Plaintiff's characterization of the SEC April 5 Statement, to which no response is required, except that the SEC denies that it knew of

the control deficiency for some time before publicly disclosing it.  The SEC refers to the SEC

April 5 Statement for a complete and accurate recitation of its contents.

10.     The allegations in the first sentence of this paragraph consist of Plaintiff's

characterization of the SEC April 5 Statement, to which no response is required.  The allegations

in the second sentence of this paragraph consist of Plaintiff's characterization of its FOIA

request, to which no response is required.  The SEC refers to the SEC April 5 Statement and

Plaintiff's FOIA request for complete and accurate recitations of their contents.

11.     The SEC admits the allegations in this paragraph.

12.     The SEC admits that it sent Plaintiff correspondence dated July 13, 2022 and July

15, 2022 regarding Plaintiff's FOIA Request No. 22-02497-FOIA.  The SEC refers to the

referenced correspondence for a complete and accurate recitation of its contents.  The SEC

denies that it assigned Plaintiff's FOIA request number 22- 0249FOIA and clarifies that it

assigned the request number 22-02497-FOIA.  The SEC also denies that it denied Plaintiff's fee

waiver request on July 13, 2022 and clarifies that it denied the request on July 15, 2022.  The

second sentence of this paragraph consists of legal conclusions, to which no response is required.

To the extent a response is required, the SEC denies that it has failed to comply with the FOIA.

13.     The SEC admits that Plaintiff communicated with the SEC regarding Plaintiff's

FOIA Request No. 22-02497-FOIA.  The remaining allegations in the first sentence of this

paragraph consist of Plaintiff's characterization of its communications, to which no response is

required.  The SEC refers to the referenced correspondence for a complete and accurate

recitation of its contents.  The SEC denies the allegations in the second sentence of this

paragraph.

3

14.     The SEC admits that it sent Plaintiff correspondence regarding Plaintiff's FOIA Request No. 22-02497-FOIA on August 15, 2022.  The SEC refers to the referenced correspondence for a complete and accurate recitation of its contents.

15.     The SEC admits that Plaintiff sent the SEC an email on August 26, 2022.  The SEC refers to the referenced email for a complete and accurate recitation of its contents.

16.     The SEC admits that it sent Plaintiff an email regarding Plaintiff's FOIA Request No. 22-02497-FOIA on August 30, 2022.  The SEC refers to the referenced email for a complete and accurate recitation of its contents.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions about its FOIA request, to which no response is required.

17.     The SEC admits that it sent Plaintiff emails regarding Plaintiff's FOIA Request No. 22-02497-FOIA on September 14, 2022 and September 20, 2022.  The SEC also admits that Plaintiff sent the SEC correspondence regarding Plaintiff's FOIA Request No. 22-02497-FOIA on September 16, 2022.  The SEC refers to the referenced correspondence for a complete and accurate recitation of its contents.  The SEC denies that Plaintiff sent the SEC an email on September 14, 2022 and that the SEC has narrowed the scope of Plaintiff's FOIA Request No. 22-02497-FOIA.

18.     The SEC admits that Plaintiff sent the SEC an email regarding Plaintiff's FOIA Request No. 22-02497-FOIA on September 20, 2022.  The SEC refers to the referenced email for a complete and accurate recitation of its contents.

19.     The SEC admits that it sent Plaintiff an email regarding Plaintiff's FOIA Request No. 22-02497-FOIA on September 20, 2022.  The SEC refers to the referenced email for a complete and accurate recitation of its contents.

4

20.     The SEC admits the allegation in the first sentence of this paragraph that it has not provided a substantive response.  The SEC denies the allegation in the first sentence in this paragraph that it has not requested further information.  The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required.

21.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, the SEC denies that it has improperly withheld records in violation of the FOIA.

22.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

23.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

24.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

25.     The SEC admits that it has not provided a determination regarding Plaintiff's FOIA Request No. 22-02497-FOIA but denies that it has failed to comply with the FOIA.

26.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

27.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

28.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, the SEC denies that it has failed to comply with the FOIA.

29.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, the SEC denies that it has failed to comply with the FOIA.

30.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, the SEC denies that it has failed to comply with the FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

31.     The SEC repeats its responses to paragraphs 1 through 30.

32.     The SEC denies the allegations in this paragraph.

33.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, the SEC denies that it has unlawfully withheld information.

34.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

35.     The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

36.     The SEC repeats its responses to paragraphs 1 through 35.

37.     The SEC denies the allegations in this paragraph.

38.     The SEC denies the allegations in this paragraph.

39.     The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

40.     The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

### THIRD CLAIM FOR RELIEF
### Costs and Fees – Injunctive Relief

41.     The SEC repeats its responses to paragraphs 1 through 40.

42.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  The SEC refers to the referenced section of the United States Code for a complete and accurate recitation of its terms.

43.     The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

### PRAYER FOR RELIEF

The remaining paragraphs of Plaintiff's Complaint constitute a prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested in the unnumbered paragraphs, including subparts (1) through (6), and further denies that Plaintiff is entitled to any relief whatsoever, including costs and attorneys' fees.

## GENERAL DENIAL

The SEC specifically denies each and every allegation of the Complaint that is not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted as the SEC has not improperly withheld any documents under the FOIA.

2.     Plaintiff's request is improper as it is overly broad and imposes an unreasonable burden upon the SEC to conduct a search without an unreasonable amount of effort.

3.     "Exceptional circumstances" exist, within the meaning of 5 U.S.C. 552(a)(6)(C), that prevented the SEC from processing the FOIA request at issue within the statutory timeframe.

4.     The SEC exercised due diligence in responding to the FOIA request at issue and to the other FOIA requests it receives.

5.     On information and belief, certain exemptions under the FOIA protect from release some of the information sought by Plaintiff through its FOIA request.

6.     Plaintiff is not entitled to costs or fees.

Dated: December 23, 2022                    Respectfully submitted,

                                             /s/ *Alexandra Verdi*
                                            ALEXANDRA VERDI
                                            Office of the General Counsel
                                            U.S. Securities and Exchange Commission
                                            100 F Street, NE
                                            Washington, D.C. 20549
                                            Telephone: (202) 551-5057
                                            Fax:          (202) 772-9263
                                            Email: verdim@sec.gov

                                            *Counsel for Defendant Securities and*
                                            *Exchange Commission*