EXHIBIT
A

**Date:** Jun 16, 2023 at 4:01 PM
**From:** Verdi, Alexandra <VerdiM@SEC.GOV>
**To:** The Law Office of Matthew D. Hardin, PLLC <hardinlawpllc@icloud.com>
**Cc:** Chris Horner <chris@govoversight.org> , Peggy Little <peggy.little@ncla.legal>
**Subject:** RE: NCLA v. SEC

---

Matt,

The Commission has provided responsive materials for every administrative proceeding in which it has made a determination that one or more Adjudication memoranda were accessed by Enforcement staff. To the extent that Plaintiff also seeks "the first page of the Order Instituting Proceedings (a public document)" for additional administrative proceedings, such a request would be an improper FOIA request because it would be asking the SEC to conduct further analysis to determine whether, and in which of those administrative proceedings, Enforcement staff accessed adjudication memoranda. A request that requires the SEC to conduct research to determine whether there are responsive records is not a proper FOIA request. *Hall & Assocs. v. Env't Prot. Agency*, No. 16-5315, 2018 WL 1896493, at *2 (D.C. Cir. Apr. 9, 2018) (FOIA does not require agencies to "undertake research, analysis, and formulation of opinions").

Additionally, with respect to our release of non-exempt responsive records and the associated *Vaughn* index for the first priority category of records, we expect to provide both those records and the *Vaughn* index next week.

Best,
Alex

---

**From:** The Law Office of Matthew D. Hardin, PLLC <hardinlawpllc@icloud.com>
**Sent:** Tuesday, June 13, 2023 7:00 PM
**To:** Verdi, Alexandra <VerdiM@SEC.GOV>
**Cc:** Chris Horner <chris@govoversight.org>; Peggy Little <peggy.little@ncla.legal>
**Subject:** Re: NCLA v. SEC

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good evening,

Notwithstanding that the information SEC has provided does not exactly match the request, and without waiving its rights to the information it requested, NCLA notes one additional concern: the "Statement" you refer to below appears to reflect only then-pending (now dismissed) "affected matters."

But NCLA sought information regarding all affected matters, not only matters that were pending as of the date of the request. It is conceivable or even likely that closed cases were also "affected matters," and NCLA can only agree that SEC has satisfied its request if it receives information regarding such closed/settled/otherwise-disposed-of matters.

Best,

Matthew D. Hardin
**Hardin Law Office**
DC Office: 202-802-1948
NYC Office: 212-680-4938
Cell: (434) 202-4224
Email: HardinLawPLLC@icloud.com

Received from Verdi, Alexandra < VerdiM@SEC.GOV > on Jun 13, 2023 at 5:04 PM:

Matt, Chris,

I am writing concerning the second priority category of records that the SEC agreed to process: "the first page of the Order Instituting Proceedings (a public document) of every administrative proceeding in which the 'control deficiency' occurred."

On June 2, 2023, the SEC released the Second Commission Statement Relating to Certain Administrative Adjudications (available at https://www.sec.gov/news/statement/second-commission-statement-relating-certain-administrative-adjudications ). The Second Statement and its five exhibits provide, among other things, additional information about *Cochran*, *Jarkesy*, twenty-eight additional "Affected Matters" that are currently pending before the Commission, and sixty-one currently pending matters that are encompassed by eight "Omnibus Memoranda." Based on this information, Plaintiff can access the Orders Instituting Proceedings relating to these administrative proceedings via the SEC's website (available at https://www.sec.gov/litigation/admin.htm ). Indeed, the Second Statement itself cites and contains links to the Orders Instituting Proceedings for each of the twenty-eight "Affected Matters," and Exhibit 5 contains links to the electronic dockets for the sixty-one matters it describes.

We understand that, through the second priority category of records, Plaintiff essentially seeks agency records sufficient to show every administrative proceeding in which the SEC has determined that a "'control deficiency' occurred." By citing and providing links to the Orders Instituting Proceedings and electronic dockets in the Second Statement and its accompanying exhibits, the Commission has already provided these materials for every administrative proceeding in which it has determined that one or more Adjudication memoranda were accessed by Enforcement staff. As such, we believe that the SEC has now provided all documents responsive to the second priority category of records.

Best,
Alex

**Alexandra Verdi** *[she/her]*
Office of the General Counsel
**OFFICE** +1 202 551 5057
**MOBILE** +1 202 368 8136
verdim@sec.gov

Title: SEC logo