**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

NEW CIVIL LIBERTIES ALLIANCE,

                 Plaintiff,

     v.

SECURITIES AND EXCHANGE
COMMISSION,

                 Defendant.

No. 22-cv-03567-CJN

---

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Defendant U.S. Securities and Exchange Commission ("SEC") respectfully submits this Notice of Supplemental Authority to apprise the Court of a recent Memorandum Opinion and Order ("Opinion") of the United States District Court for the Southern District of Texas in *Jarkesy v. SEC*, No. 3:22-cv-405 (S.D. Tex. July 3, 2024) (Exhibit A hereto). The Opinion is relevant to this Court's resolution of the SEC's pending motion for summary judgment. *See* ECF 16, 18.

Like plaintiff New Civil Liberties Alliance ("NCLA"), George R. Jarkesy submitted a multi-part Freedom of Information Act ("FOIA") request to the SEC seeking information about the control deficiency relating to the separation of the SEC's enforcement and adjudicatory functions within its system for administrative adjudications. *See* Opinion at 3-4. Jarkesy filed a complaint concerning his FOIA request in the United States District Court for the Southern District of Texas, and the SEC moved for summary judgment on certain issues raised in the case. *Id.* at 5-6. One issue resolved in *Jarkesy* is the same as an issue before this Court.

In this case, the parties agreed to resolve on summary judgment the SEC's responses regarding two categories of records: (1) the report or reports prepared by Berkeley Research

1

Group ("BRG"), with all supporting documents, interviews, statements etc. ("NCLA First Category"), and (2) the first page of the Order Instituting Proceedings of every administrative proceeding in which the "control deficiency" occurred ("NCLA Second Category").  ECF 16-5 at 4.  The Opinion addresses the documents at issue in the NCLA First Category.

Like NCLA in this case (ECF 16-5 at 3), Jarkesy sought "[a]ny reports, memoranda, or communications produced by BRG related to its review of the control deficiency" (Opinion at 4). In *Jarkesy*, the parties agreed that, in response to this request, referred to as subpart 9, the SEC would release the same set of records that the SEC had previously released to NCLA in response to the NCLA First Category.  *See* Opinion at 5.  The Opinion addresses, among other things, whether the SEC properly withheld information under FOIA Exemptions 5 and 6 from the records it produced in response to subpart 9.  *Id.* at 12.

In *Jarkesy*, the Court granted the SEC's motion as to subpart 9 "[b]ased on its analysis of Exemptions 5 and 6 and of the foreseeability of harm."  Opinion at 25.  With respect to FOIA Exemption 5, the Court addressed the applicability of the consultant corollary, the deliberative process privilege, and the attorney work-product privilege.  *Id.* at 12-18.  First, the Court held that under the consultant corollary, Exemption 5 could protect communications between SEC staff and SEC contractors.  *See id.* at 13-15.  Additionally, based on its "review[] [of] the SEC's detailed *Vaughn* indices," the Court found that "the records the SEC is withholding under" the deliberative-process privilege "fall within Exemption 5."  *Id.* at 15-16.  The Court also concluded that "the records the SEC is withholding under the attorney work-product privilege fall within Exemption 5" because "[t]he SEC prepared the work product it is withholding in the course of an internal review that Office of General Counsel attorneys directed and supervised at a time when litigation was highly likely."  *Id.* at 17-18.  The Court also "reject[ed] Jarkesy's assertions that

the SEC waived the protection of Exemption 5" by sharing documents "'with its favored vendors and issuing press releases linking to selected records.'"  *Id.* at 19-20 (quoting Jarkesy's Opposition to SEC's Motion for Summary Judgment).

With respect to Exemption 6, the Court upheld the SEC's withholdings of SEC staff and contractor contact information and the names and titles of SEC staff whose actions resulted in the control deficiency, who were involved in immediate remedial efforts, who had access to the databases at issue in the control deficiency, or who were interviewed by the internal review team. *See id.* at 20-22.  The Court determined it would "not override the government employees' privacy interests."  *Id.* at 22.

With respect to foreseeability of harm, the Court found that the SEC had satisfied the FOIA's foreseeable harm requirement because the SEC's declaration "indeed lays out the agency's position on the different harms that would result from the release of the records it is withholding under Exemptions 5 and 6."  Opinion at 23-25.

The Opinion is not relevant to the NCLA Second Category.  As discussed in the Opinion, although the SEC understood, based on settlement discussions, that Jarkesy had agreed to interpret one part of his FOIA request, subpart 3, as seeking the same documents as those at issue in the NCLA Second Category, Jarkesy argued there was no such agreement.  *See* Opinion at 9-10.  The Court concluded that there was a genuine issue of material fact regarding the interpretation of subpart 3.  *See id.* at 11-12.  Consequently, the Court ordered the parties to "attend another settlement conference to determine the next steps toward resolving their dispute."  *Id.* at 12.  The Court, therefore, did not address the issues briefed with respect to subpart 3 of Jarkesy's request.  In this case, the interpretation of the NCLA Second Category is not disputed.  *See* ECF 18 at 21-24.

Accordingly, the SEC respectfully requests that the Court consider the *Jarkesy* Opinion in connection with its resolution of the SEC's pending motion for summary judgment regarding the NCLA First Category.

Dated:  August 3, 2024                                    Respectfully submitted,

/s/ *Alexandra Verdi*
Alexandra Verdi (NY Reg. No. 5480934)
Office of the General Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549
Telephone: (202) 551-5057
Fax: (202) 772-9263
verdim@sec.gov

*Counsel for Defendant*
*U.S. Securities and Exchange Commission*