UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW CIVIL LIBERTIES ALLIANCE,<br><br>    Plaintiff,<br><br> v.<br><br>SECURITIES AND EXCHANGE<br>COMMISSION,<br><br>    Defendant. | No. 22-cv-03567-CJN |

## RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

  Defendant U.S. Securities and Exchange Commission ("SEC") respectfully submits this response to Plaintiff's Notice of Supplemental Authority, ECF 23.

  *Energy Policy Advocates v. SEC* (D.D.C. 22-cv-1312) ("*EPA*") is not relevant to this case. In that FOIA litigation (to which Plaintiff here is not a party), the Court granted the SEC's motion for summary judgment in part and ordered that the SEC provide certain records for *in camera* review. *See EPA*, ECF 23. When the SEC submitted those records for *in camera* review, the SEC noted that it is consulting both internally and with the White House to determine whether information that was originally withheld may now be appropriate for release. *See EPA*, ECF 24.

  The records at issue in this case differ from the records at issue in *EPA*. In *EPA*, the records at issue consist, in relevant part, of inter-agency correspondence between the SEC, the White House, and other federal government agencies about Executive Branch and agency policymaking. *See EPA*, ECF 20-6 at 9-12. The SEC's position in *EPA* is that this correspondence is protected by the deliberative-process privilege. *Id.* In contrast, here, the request seeks information about the SEC's internal review of the control deficiency, which is

1

appropriately withheld under the attorney work-product doctrine and the deliberative-process privilege embedded in Exemption 5 as well as Exemption 6.  ECF 16-5 at 11-20.  Indeed, in a case in the Southern District of Texas where the same information is at issue, the Court has already agreed with the SEC that information about the SEC's internal review of the control deficiency was properly withheld under FOIA Exemptions 5 and 6.  *Jarkesy v. Sec. & Exch. Comm'n*, No. 3:22-CV-405, 2024 WL 4101811, at *5-10 (S.D. Tex. July 3, 2024).  Recent changes in the Executive Branch do not affect the harm that would occur should the SEC have to release the privileged details of its internal review.  As such, the circumstances that led the SEC to re-evaluate the withholdings in *EPA* are not present here.

Dated:  May 1, 2025

Respectfully submitted,

/s/ *Alexandra Verdi*
Alexandra Verdi (NY Reg. No. 5480934)
Office of the General Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
Telephone: (202) 551-5057
verdim@sec.gov

*Counsel for Defendant*
*U.S. Securities and Exchange Commission*