UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW CIVIL LIBERTIES ALLIANCE,<br><br>                Plaintiff,<br>    v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                Defendant. | No. 22-cv-03567-CJN |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant U.S. Securities and Exchange Commission ("SEC") respectfully submits this response to Plaintiff's Notice of Supplemental Authority, ECF 25 ("Notice").

In *Texas Pub. Pol'y Found. v. Dep't of State*, 136 F.4th 554, 558, 565 (5th Cir. 2025) (5th Cir. May 5, 2025) ("*Texas Public Policy*"), the Fifth Circuit reversed the district court's grant of summary judgment for the State Department and ordered that the State Department "must disclose the names and email addresses" of agency staff who worked on energy policy relating to the Paris Agreement under former President Biden.  Noting that it "agree[d] with aspects of both parties' positions," the Fifth Circuit disagreed that FOIA Exemption 6 should protect the names and email addresses of State "Department employees who worked to commit the United States to the goal of achieving a substantial reduction in emissions by 2030." *Id.* at 564.  In her dissent, Judge Haynes agreed with the district court that Exemption 6 should protect staff names and contact information because "there is no valid reason to expose the names and email addresses of non-policy-making employees." *Id.* at 566.  Judge Haynes noted that "[o]ur sister circuits [for example, the D.C. Circuit] have recognized privacy interests in similar circumstances and permitted agencies to redact their employees' identities from FOIA responses." *Id.* at 566-67

1

(observing "straightforward line running through [sister circuit] cases: [a] government employee has a valid privacy interest if the employee's involvement in a certain assignment is not public knowledge and disclosure of that involvement would expose the employee to potential harassment or danger").

    *Texas Public Policy* is distinguishable from this case.  First, unlike in *Texas Public Policy* where there was no discussion of staff misconduct, the internal review of the control deficiency involved review of possible misconduct by SEC staff.  In *Texas Public Policy*, the State Department withheld information about staff who "participated in, and made particular contributions to, the development of a national emissions reduction pledge." *Id.* at 562.  In contrast, the SEC withheld only the names of SEC staff who had access to the databases at issue in the control deficiency or who were interviewed during the internal review of the control deficiency.  *See* ECF 16-5 at 19; ECF 18 at 12.  As the SEC has explained, the individuals whose names were withheld have a significant privacy interest because there is a potential for harassment from individuals who may want to question or attack SEC staff who they think may have acted improperly in connection with handling or accessing confidential information.  *See* ECF 18 at 12-13; ECF 16-5 at 18-20; ECF 16-3 at ¶¶17-18.

    Second, in *Texas Public Policy*, the plaintiff identified more of a public interest in disclosing the names of agency staff than Plaintiff has here.  In *Texas Public Policy*, the plaintiff argued that "the public has a 'right to know who participated in the development of [the climate] pledge'" and that, by having employee names, "the public could ascertain participating employees' seniority, 'backgrounds, affiliations, and expertise'" and thereby determine "'the extent to which the Department relied on [policy] experts, rather than non-subject matter experts, in developing the pledge.'"  *Id.* at 563 (emphasis omitted).  The plaintiff there also argued that

knowing employees' names and email addresses would make it easier to formulate follow-up FOIA requests. *See id.* at 563-64. Here, like the plaintiff in *Texas Public Policy*, Plaintiff has identified the public interest as the identification of "who is influencing agency policy" (ECF 17 at 25-26), but, unlike in *Texas Public Policy*, Plaintiff provides no reason to believe that knowing the names of the staff who had access to the databases involved in the control deficiency or who were interviewed during the internal review would provide any information about who influenced public policy. Contrary to Plaintiff's repeated claim (ECF 17 at 25-26; Notice at 1), the SEC has released the names of staff and contractors who conducted the internal review of the control deficiency, and those are the only persons who have any chance of being involved in related policy issues.

      Accordingly, this Court should decline to apply *Texas Public Policy*, an inapposite, out-of-circuit opinion.

Dated:  June 10, 2025

Respectfully submitted,

/s/ *Alexandra Verdi*
Alexandra Verdi (NY Reg. No. 5480934)
Office of the General Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
Telephone: (202) 551-5057
verdim@sec.gov

*Counsel for Defendant*
*U.S. Securities and Exchange Commission*

3